UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAE PENDLETON, Special Administrator of the Estate of Maurice Pendleton, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. CIV-18-707-G ) |
| BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Now before the Court is Plaintiff's Motion in Limine (Doc. No. 56). Defendants have filed a Response to the Motion (Doc. No. 64),[1] and Plaintiff has filed a Reply (Doc. No. 68). As detailed below, Plaintiff's Motion will be denied as premature.

### BACKGROUND

This lawsuit stems from the death of Plaintiff's son, Maurice Pendleton, who was beaten to death by fellow inmates while in pretrial custody at the Oklahoma County Detention Center (the "OCDC"). Plaintiff alleges that Mr. Pendleton was locked inside an unsupervised holding area when he was confronted and attacked by a group of inmates with a known history of violent behavior. *See* Compl. ¶¶ 16-25. Plaintiff asserts that Defendants knew inadequate staffing and monitoring at the OCDC were "likely to result

---

[1] Defendant Brian Maughan in his individual capacity has filed a Motion (Doc. No. 65) seeking to join in the Response (Doc. No. 64) filed by the remaining Defendants. That Motion is granted.

in inmate-on-inmate violence" and, despite having such knowledge, failed to allocate funding to address the deficiencies.  *Id.* ¶ 41.

Plaintiff seeks declaratory judgment in addition to compensatory and punitive damages.  *See id.* ¶¶ 2-3; 74.

ANALYSIS

In the Motion under review, Plaintiff seeks to exclude "evidence of the nature of the charges that were pending against [Mr. Pendleton] at the time of his death," as well as "evidence of the reason for his confinement" at the OCDC.  Pl's Mot. (Doc. No. 56), at 1.  Plaintiff argues that such evidence is irrelevant and otherwise inadmissible under Rules 402, 403, and 404 of the Federal Rules of Evidence.  *See id.* at 1-5.  Defendants respond that the evidence in question is admissible and that, in any event, Plaintiff's Motion should be denied as premature.  *See* Def's Mot. (Doc. No. 64), at 5-13.

Defendants assert—and Plaintiff does not contest—that the parties have yet to engage in any meaningful discovery.  *See* Def's Resp. (Doc. No. 64), at 2.  Thus, at this stage in the litigation, the practical effect of an order granting Plaintiff's Motion would be to circumscribe the universe of discoverable information[2]—a practice that is disfavored in the federal court system.  *See Fed. Ins. Co. v. Indeck Power Equip. Co.*, No. CIV-15-491-D, 2016 WL 5173402, at *2 (W.D. Okla. Sept. 21, 2016) (explaining that federal courts "look unfavorably upon significant restrictions placed upon the discovery process").

---

[2] Indeed, at the Status and Scheduling Conference held on January 8, 2020, counsel for Plaintiff represented that the Motion in Limine was aimed, at least in part, to "streamline" the discovery process.

The scope of discoverable information is indisputably broader than the scope of admissible evidence. *See* Fed. R. Civ. P. 26 ("Information within this scope of discovery need not be admissible in evidence to be discoverable"). Likewise, "relevance" in the discovery context does not necessarily have the same meaning as "relevance" for purposes of admissibility at trial. *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009) (rejecting defendant's argument "that under the 2000 amendments [to the Federal Rules of Civil Procedure] the 'concept of relevance is no more expansive in discovery than at trial'"). Accordingly, the Court declines to issue an order in limine that would effectively hinder the discovery of otherwise discoverable information.

CONCLUSION

For the reasons stated above, Plaintiff's Motion in Limine (Doc. No. 56) is DENIED at this time. Plaintiff may re-urge her Motion after the close of discovery.

IT IS SO ORDERED this 10th day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge